# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | |
|---|---|
| CHRIS HOLLY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 09-3125 |
| ) | |
| SUSAN MCFARLIN, Freedom of ) | |
| Information Officer, Logan Correctional ) | |
| Center, Individually, JENNIFER WARD, ) | |
| Warden, Logan Correctional Center, ) | |
| ) | |
| Defendants. ) | |

## OPINION

RICHARD MILLS, U.S. District Judge:

For the following reasons, Defendant Susan McFarlin's Motion to Dismiss [d/e 9] is granted.

## I. BACKGROUND

### A. Factual Background

The Plaintiff, Chris Holly, is a former Illinois Department of Corrections (IDOC) inmate who brought this suit under 42 U.S.C. §

1983, alleging violations of his First and Eighth Amendment Rights.

In May 2007, the Plaintiff was incarcerated at Logan Correctional Center, Lincoln, Illinois. Defendant McFarlin, an IDOC employee, worked as a Freedom of Information Officer at the prison.

The Plaintiff alleges that on May 15, 2007, he forwarded a Freedom of Information Request to Defendant McFarlin. Amended Complaint [d/e 6], ¶ 7. In his Request, the Plaintiff sought copies of two grievances he had previously filed. *Id.* at ¶ 8. Prior to making his Freedom of Information Request, the Plaintiff possessed copies of the grievances, but he claims that he was unable to locate them. *Id.*

On May 16, 2007, the Plaintiff's cell was "shaken down," and copies of the grievances were found among the Plaintiff's belongings. *Id.* at ¶ 10. The copies of the grievances were confiscated. *Id.* at ¶ 11. The Plaintiff alleges that on May 18, 2010, he was served with a "major" disciplinary report issued by Defendant McFarlin. *Id.* at ¶¶ 13, 20. According to the Plaintiff, the report alleged that the Plaintiff had violated IDOC rules 303 (giving false information) and 304 (insolence).

*Id.* at ¶ 14.

The Plaintiff alleges that he appeared before a hearing board on May 25, 2007, and was placed into Disciplinary Segregation. *Id.* at ¶¶ 15, 17.

The Plaintiff alleges Defendant McFarlin's actions were retaliatory. *Id.* at ¶ 21. The Plaintiff further alleges that, as a result of McFarlin's actions, the Plaintiff was removed from a program where he earned good time credits. *Id.* The Plaintiff alleges McFarlin's actions resulted in extreme emotional distress and in a longer period of incarceration (due to the loss of good time credits). *Id.* at ¶ 22.

The Plaintiff was released from custody on June 21, 2007. *Id.* at ¶ 18.

B. Procedural Background

The Plaintiff filed a Motion for Leave to Proceed In Forma Pauperis [d/e 1] on May 22, 2009. The Plaintiff attached a copy of the Complaint [d/e 1-1] to the I.F.P. Petition.

The Plaintiff's I.F.P. Petition was denied on May 27, 2009. *See*

Text Order of May 27, 2009, entered by Magistrate Judge Byron G. Cudmore. The Plaintiff filed the Complaint [d/e 3] on July 20, 2009 – the same day he paid the filing fee. The Plaintiff subsequently filed an Amended Complaint [d/e 6] on December 30, 2009.

Defendant McFarlin signed a Waiver of Service form [d/e 8] on May 12, 2010, and she filed the Motion to Dismiss [d/e 9] on July 1, 2010.

The Plaintiff did not submit a timely Response.

## II. LEGAL STANDARD

For a complaint to survive a motion to dismiss under Rule 12(b)(6) it "must contain 'enough facts to state a claim for relief that is plausible on its face' and also must state sufficient facts to raise a plaintiff's right to relief beyond the speculative level." *Bissessur v. Ind. Univ. Bd. of Trustees*, 581 F.3d 599, 602 (7th Cir. 2009), (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). "A claim has facial plausibility 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged.'" *Bissessur*, 581 F.3d at 602 (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)).

The Court "construe[s] the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged, and drawing all possible inferences in her favor." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

### III. ANALYSIS

The Defendant makes two arguments in her Motion to Dismiss: (1) the Plaintiff's claims against Defendant McFarlin are untimely, and (2) the Plaintiff fails to state a claim for an Eighth Amendment violation.

### A. Untimeliness

#### *1. Limitation Period*

In determining the statute of limitation for Section 1983 claims, federal courts adopt the forum state's statute of limitations for personal injury claims. *See Ashafa v. City of Chicago*, 146 F.3d 459, 461 (7th Cir. 1998). In Illinois, the statute of limitations for such claims is two years. *See* 735 ILCS 5/13-202. Therefore, Section 1983 actions filed in

a United States District Court in Illinois must be brought within two years of the accrual of the claim. *See Shropshear v. Corp. Counsel of the City of Chicago*, 275 F.3d 593, 594 (7th Cir. 2001) (citing 735 ILCS 5/13-202).

*2. Accrual of Claim*

A prisoner's civil rights claim against a prison official "accrues when the plaintiff knows or has reason to know of the injury giving rise to the cause of action." *Wilson v. Geisen*, 956 F.2d 738, 740 (7th Cir. 1991). The Plaintiff's claim against Defendant McFarlin accrued on May 18, 2007 – the day the disciplinary report was issued. Accordingly, the two-year limitation period had already expired when the Plaintiff initiated his action on May 22, 2009.

*3. Tolling*

It is well established that state, not federal, tolling doctrines apply to cases where the state statute of limitations is "borrowed." *See, e.g., Shropshear*, 275 F.3d at 596. State tolling doctrines apply because the length of the limitation period and the generosity of the tolling regime

are inextricably connected. *Id.*

### a. Statutory Tolling

It does not appear that there is an Illinois statute that would toll the limitation period. Over fifteen years ago, Illinois had a statutory provision that tolled the time that a civil plaintiff was incarcerated. *See Wilson*, 956 F.2d at 741 (citing former Ill. Rev. Stat. ch. 110, ¶ 13-211). However, that law[1] was amended, and there is no longer a tolling provision for prisoners. *See* P.A. 86-1329, § 4, eff. Jan. 1, 1991; *Wilson*, 956 F.2d at 741.

Therefore, statutory tolling does not apply to the time the Plaintiff was incarcerated.

### b. Equitable Tolling

"Equitable tolling of a statute of limitations may be appropriate if the defendant has actively misled the plaintiff, or if the plaintiff has been prevented from asserting his or her rights in some extraordinary way, or if the plaintiff has mistakenly asserted his or her rights in the wrong

---

[1] The law is presently codified at 735 ILCS 5/13-211.

forum." *Clay v. Kuhl*, 189 Ill. 2d 603, 614 (2000). The Plaintiff has not alleged any of the circumstances listed above that give rise to equitable tolling under Illinois law.

Even if the federal equitable tolling doctrine could apply to this case, the Plaintiff would not benefit. Under federal equitable tolling, a plaintiff usually needs to show that he has diligently pursued his rights. *See Shropshear*, 275 F.3d at 595. In this case, there is no indication that the Plaintiff has been diligent in pursuing his claim. The Plaintiff was released from the Logan Correctional Center on June 21, 2007, and initiated this action over 23 months after his relaease – on May 22, 2009.

Furthermore, the case has repeatedly been at risk of dismissal for want of prosecution. *See* Text Order of December 7, 2009, entered by Magistrate Judge Cudmore; Text Order of May 5, 2010, entered by Magistrate Judge Cudmore. Due to numerous delays, Defendant McFarlin was not served until May 12, 2010 – nearly a year after the case was initiated. *See* Waiver of Service [d/e 8].

Therefore, the Plaintiff's claim is untimely because he initiated it

after the limitation period had expired and no tolling doctrine applies.

## B. Eighth Amendment Claim

The Court will not address McFarlin's arguments regarding the Eighth Amendment claim, because the Plaintiff's claim is time barred.

## IV. CONCLUSION

*Ergo*, Defendant McFarlin's Motion to Dismiss [d/e 9] is ALLOWED.

Defendant McFarlin is hereby terminated from the case.

The case is referred to Magistrate Judge Cudmore to determine whether Defendant Jennifer Ward has been served.

The Clerk is directed to send a copy of this Opinion to the Plaintiff.

IT IS SO ORDERED.

ENTER: July 27, 2010

FOR THE COURT:                             s/Richard Mills
                                           United States District Judge